### DICK CARNEY v. THE STATE.

No. 3066. Decided February 8, 1905.

**Robbery—Absence of Judge From Bench.**

Where the judge during an important part of the trial was absent from the bench and out of sight and hearing of the jury, the conviction will be set aside.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment fixed at five years confinement in the penitentiary; hence this appeal.

Appellant assigns as error the action of the court overruling his application for continuance; but it is not necessary to discuss that, as the case will be reversed on other assignments.

The court did not err in charging the jury on the first count in the

indictment, which charged robbery and ignored the other count charging theft from the person.

The assignment with reference to the absence of the presiding judge during the trial is based on affidavits of witnesses, setting up this fact. Some of the affidavits show that, during the argument of attorneys for the State, that the judge absented himself from the courtroom, and was gone during a considerable portion of the argument. The district clerk testified on this subject that he was present while Mr. Chandler was making his closing argument; that Judge Oxford was absent for awhile during this time; that Mr. Carter called his attention to the fact that Judge Oxford was absent while Mr. Chandler was speaking; he was absent eight or ten minutes. S. H. Millwee, the court stenographer, testified that his office was situated in the northeast corner of the courthouse, seventy-five or eighty feet from the judge's seat on the south side of the courtroom and on the same floor; that his office is a separate room from the courtroom; that the door was closed while Judge Oxford was in there, and he stayed there something like five or eight minutes; that he dictated his charge while there; that Mr. Chandler was about to conclude his argument when he brought the charge to the judge, after he had written it out from his notes. J. M. Carter testified that Judge Oxford was absent on two occasions during the argument of counsel. While Mr. Chandler, counsel for the State, was closing the case he desired to make an objection to argument, and when he rose up to look for the judge he was absent; that he then went around to the clerk's desk and called his attention to the fact; that the court was absent at this time about ten minutes; that the judge was nowhere in the courtroom. He was out of sight and hearing of the jury. Chandler testified that he closed the argument for the State; that at one time during the argument of Mr. Thompson, he looked around where the judge usually sits, and did not see him in his accustomed place; that he wanted to make an objection to a part of Mr. Thompson's argument; that he did not know whether he was in the courtroom or not; he was not in his place on the judge's stand. Deaton, deputy sheriff, testified that he remembered the judge was absent during the trial; that he thought it was while Thompson was speaking; that Carter called his attention to it; he was absent probably five minutes; he could not say he was absent from the courtroom. Thompson was speaking at the time for the defendant. Judge Oxford testified that he was absent during the closing argument of the case on two occasions; that he stepped out to answer a call of nature and was gone about two minutes; that he heard all of Alex Johnson's speech to the jury, and also Chandler's speech to the jury. While Thompson was speaking he went to the stenographer's office, in the northwest corner of the courthouse and dictated his charge; that it took him from three to eight minutes to do so; that during the time he was out of sight and hearing of the jury and the proceedings of the court. The closet he visited is on the same floor of the courthouse as the stenographer's office and the courtroom; that he was satisfied he

was not out of his chair while counsel who represented the State, Johnson and Chandler, were arguing the case for the State, because he had in mind the importance of guarding defendant's rights and keeping State's counsel in the record, which he did. There appears to be some conflict between the judge's statement as to who was speaking during his absence, and the testimony of some of the other witnesses. However, we do not think it is material, as the important fact is, that the judge was absent from the courtroom and out of sight and hearing of the jury during an important part of the trial of the case. We do not believe this case differs materially from the facts shown in Bateson v. State, 80 S. W. Rep., 88; and Goodman v. State, 11 Texas Ct. Rep., 482. Under the authority of those cases, the judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.